## Commonwealth v. Smith

*James C. Blackman*, for Commonwealth.
*Joseph A. Massa, Jr.*, for petitioner.

WOLFE, *P.J.*, May 14, 1979—The Becker Coal Company, Inc. has filed application for remission or reduction of alleged excessive bail to secure release of the company's coal truck. The truck was impounded by the Warren Borough Police after the driver, Gary Lee Smith, was arrested and found guilty by a District Magistrate of having a maximum axle weight in excess for the size of the vehicle. A fine of $2,400 plus costs was levied. The operator has appealed his conviction and the hearing before us has been set for June 6, 1979.

The Becker Coal Company argues that the impounding of its vehicle has created an extreme economic hardship on the company and it has been unable to secure a corporate bond to cover the costs and fine pending the final disposition on the merits. The company asks the court to set aside the impoundment of the vehicle or in the alternative to reduce the bail to a cash amount of $250 which the company could pay.

This relief is supported by the argument that, despite imposition of the costs and fine by the district magistrate there have been no fine and costs in fact levied because there has been no final adjudication of guilt, and reliance is made upon the interpretation of section 4946 of the Vehicle Code, 75 Pa.C.S.A. §4946, governing impoundment of vehicles for nonpayment of overweight and fines.

This section provides: "Upon imposition of any fine and costs of prosecution imposed pursuant to section 4945 (relating to penalties for exceeding maximum weights), *the driver* shall be allowed 24 hours to obtain the funds and pay the fine and costs of prosecution, during which time the vehicle or combination shall be rendered temporarily inoperative by such police officer as the issuing authority shall designate. On default of payment within the 24-hour period, the issuing authority shall impound the vehicle or combination and order a police officer to seize them." (Emphasis supplied.)

It is clear the fines and costs are imposed upon the driver rather than the owner of the vehicle. This was the holding in Hudock v. Lattavo Brothers, Inc., 85 D. & C. 515 (1953), so that the driver of a truck arrested for overweight has the right to appeal from the conviction, but the owner cannot. In our opinion the purpose of the section authorizing the impounding of the vehicle is to provide the security for the payment of the fine and costs in the event there is a final adjudication of guilt. To release the vehicle prematurely and without proper substitute security would render the section effectively inoperative for the simple reason an operator, non-owner, has no ownership interest in the vehicle and may not be inclined to pursue the position of his

employer as the employer-owner might do. In this regard the onus is obviously on the owner of the vehicle and control of his agent-driver.

We disagree that there must be a final adjudication before the vehicle can be impounded. The section speaks only to the "imposition of any fine and costs" and not the final determination thereof; again, if petitioner's position be correct an appeal would render the section a nullity for all practical purposes.

For these reasons we enter the following

ORDER

And now, May 14, 1979, the petition of the Becker Coal Company to release the company truck is denied.